UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEE MICHAEL TOMKO,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No.
6:24-cv-1943-PGB-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court on the United States' Motion to Dismiss (Dkt. 16), filed February 3, 2025. Plaintiff filed a response to the motion on February 6, 2025. The motion has been referred to me for a report and recommendation. Upon consideration, I respectfully recommend the Court grant the motion in part and dismiss this action without prejudice.

### I. BACKGROUND

In this case, Plaintiff Lee Michael Tomko proceeds pro se against the United States. Dkt. 1 ("Compl."). Plaintiff sues the government under the Federal Tort Claims Act ("FTCA"). *Id.* at 6.[1] He alleges he expected to receive more than a billion dollars through the mail, but

---

[1] In this report, pinpoint citations to the complaint refer to the page number of the abode acrobat file for docket number 1.

that the parcels containing the funds never arrived. *Id.* Plaintiff states that the "government informed" him that the funds were "stolen from the mail and that the FBI stole or directed somebody to steal the mail." *Id.* He alleges the government communicates with him using his computer and other electronic devices and alleges several "examples" which he believes demonstrates "the level of access these people have to my electronic devices indicates that it is the government." *Id.* at 9. Plaintiff also alleges that he submitted a claim to the FBI on October 12, 2024, and that the government has not responded to it yet. *Id.* at 8.

The United States moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 16. The government also asks the Court to declare Plaintiff a vexatious litigant. *Id.* The motion is ripe for adjudication.

## II. ANALYSIS

Of the three arguments raised in the government's motion, I respectfully recommend that the Court consider only the exhaustion argument because that issue is dispositive.

Plaintiff appears to assert a negligence or civil theft claim against the United States under the FTCA, 28 U.S.C. § 1346(b)(1). The FTCA does not provide a cause of action. Rather, it provides a limited waiver of the United States' sovereign immunity for tort claims. *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994).

A condition precedent to suing the United States under the FTCA is submitting an administrative claim directly with the agency. *See* 28 U.S.C. § 2675(a). After a plaintiff files a claim, he must wait until either the agency finally denies the claim or at least six months after filing the claim with the agency before filing suit. *Id.* A federal court

does not have "jurisdiction over a suit under the FTCA unless the [plaintiff] first files an administrative claim with the appropriate agency . . . within two years from the time the claim accrues." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006) (citations omitted). If the statutory requirements under the FTCA are not met, then dismissal is appropriate.[2] *Dalrymple*, 460 F.3d at 1326.

As the Eleventh Circuit has observed, "[w]here exhaustion—like jurisdiction, venue, and service of process—is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008) (cleaned up). The Eleventh Circuit has established a "two-step process" for resolving failure-to-exhaust defenses. *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015). In step one, the district court looks to the factual allegations in the motion to dismiss and any competing allegations in the plaintiff's response, accepting the plaintiff's version as true. *Id.* The district court should dismiss if the facts, as stated by the plaintiff, show a failure to exhaust. *Id.* If not, the district court proceeds to step two, in which the district court must make "specific findings to resolve disputes of fact." *Id.* The district court should dismiss if, based on these findings, the defendants have shown a failure to exhaust. *Id.*

---

[2] The administrative claims process "serves a valuable purpose; it informs the government of the maximum amount of a claim, enabling the government to evaluate whether to settle a claim or proceed to trial." *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

The complaint alleges, and the government confirms in its motion, that Plaintiff submitted a claim to the FBI in October 2024, and that the agency has not yet issued a final decision on the claim. In his response, Plaintiff does not dispute the timing of his claim, arguing only the Court should stay the case until the deadline has passed. I find it is undisputed that Plaintiff has not exhausted his administrative remedies under the FTCA.

Because he filed too soon, Plaintiff is prohibited from filing this lawsuit. A stay will not ameliorate this defect, and dismissal is appropriate. *See* 28 U.S.C. § 2675(a).[3]

### III. RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1. **GRANT** in part and **DENY** in part the United States' Motion to Dismiss (Dkt. 16);

2. **DISMISS** the complaint without prejudice; and

3. **DIRECT** the Clerk to close this case.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections

---

[3] Given that the FTCA provides the government shall have the first opportunity to assess Plaintiff's claims, I see no need for the Court to weigh their merits here. I also do not believe it is in the interests of equity and justice to both dismiss this lawsuit because it was filed too soon (as the Court must) and declare that Plaintiff is a vexatious litigant, thereby potentially barring him from filing a future lawsuit once permitted to do so under the FTCA. That the United States made such a "heads I win, tails you lose" argument is disappointing.

to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on February 27, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record

Lee Michael Tomko
4651 Caverns Drive
Kissimmee, Florida 34798